**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TOSHA CHANG,** *Plaintiff* | § § § | |
| **v.** | § § | **No. 1:22-CV-00669-RP** |
| **AMERICAN FINANCIAL NETWORK, INC., TURBO FRANCHISE DEVELOPMENT, LLC, PREMIER TURBO TEAM, LLC,** *Defendants* | § § § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Opposed Motion to Remand, Dkt. 9, and all associated replies and responses. Defendant American Financial Network, Inc., who removed the case to federal court, asserts it does not oppose remand and stipulates to such. Dkt. 10. American Financial Network has also filed a Motion to Dismiss, Dkt. No. 7, which the undersigned also addresses below. After reviewing the filings and the relevant case law, the undersigned issues the following report and recommendation.

## I. LEGAL STANDARD

Because the Court must first consider its jurisdiction to hear this case, the undersigned first turns to Plaintiff's motion to remand. "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases

unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal question. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 (5th Cir. 2010). On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective. *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012); *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

## II. DISCUSSION

Plaintiff, Tosha Chang, is an individual residing in Travis County, Texas. Dkt. 1-4, at 3. On July 7, 2022, Defendant American Financial Network removed this matter from state court, relying on the snap removal rule expressed in *Texas Brine Co., LLC v. American Arbitration Association, Inc.*, 955 F.3d 482 (5th Cir. 2020). Chang asserts that because complete diversity was not present between all plaintiffs and all defendants, removal in this case is not proper. She points out that Turbo Franchise Development and Premier Turbo Team are both Texas entities. Dkt. 9, at 2.

In diversity cases, the forum-defendant rule under 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [i.e., diversity] may not be removed if

any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*

"Snap removal," is an exception to the forum-defendant rule which allows an "otherwise removable" case to be removed when no forum defendants have been properly joined or served. *Texas Brine Co., LLC*, 955 F.3d at 487. A case is considered to be "otherwise removable" when a federal district court would have original jurisdiction over the case, as established by 28 U.S.C. § 1441(a). *Id.* at 486.

In this case, while there was complete diversity between Chang and AFN, there was not sufficient diversity of defendants to support removal. "A defendant's 'non-diverse citizenship cannot be ignored simply because he was an unserved defendant.'" *In re Levy*, ___ F.4th ___, 2022 WL 14732482, at *3 (5th Cir. Oct. 26, 2022) (quoting *In N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998)). Moreover, "removal under § 1441(b)(2) is permissible only if complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant, i.e., there must be what is known as 'complete diversity.'" *Id.* Accordingly, this case is not properly removed and should be remanded to state court. Recognizing this, American Financial Network does not oppose remand and has stipulated that remand is proper. Dkt. 10.

American Financial Network has also filed a Motion to Dismiss. Dkt. 7. Chang asserts that the Motion to Dismiss should be mooted or denied in light of the Court's lack of jurisdiction over this case. The undersigned agrees. *See D. Sauer Homes, LP*

*v. Atl. Cas. Ins. Co.*, No. 20-CV-828-DAE, 2020 WL 8115872, at *5 (W.D. Tex. Sept. 24, 2020) (dismissing pending motion to dismiss for lack of jurisdiction).

## III. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Opposed Motion to Remand, Dkt. 9, and **INSTRUCT** the Clerk to **REMAND** this case to the 345th Judicial District Court of Travis County, Texas. Because the Court lacks jurisdiction to hear this case, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant American Financial Network's Motion to Dismiss, Dkt. No. 7.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED November 10, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE